### BARRY v. KURSHAN et al.

#### (Supreme Court, Appellate Term. March 14, 1907.)

1. DAMAGES—PERSONAL INJURIES—EXCESSIVE DAMAGES.

A verdict of $350 for personal injuries is not excessive; one ankle and the heel of the other foot of plaintiff being run over by a wagon, one entire side hurt, he having been unable to pursue for four weeks his vocation, losing his wages of $40 a week, his doctor's bill having been $35, and he having suffered pain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357, 358, 368.]

2. EVIDENCE—EXPERTS—NATURE OF ANSWER.

The question, asked a physician, whether he could state that the injuries were painful, and his answer, "Yes," do not constitute testimony that the injuries were painful.

3. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The principal complaint of plaintiff in an action for injury from a runaway team being that the strap, hitched to the weight, which broke, was rotten, exclusion of evidence for defendant that the weight was one weighing from 25 to 35 pounds, excluded as the conclusion of the witness, is harmless.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Thomas J. Barry against Samuel M. Kurshan and another, copartners. From a judgment for plaintiff for $350, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Feldblum, Reizenstein & Levison, for appellants.
Emerich Kohn, for respondent.

HENDRICK, J. The appellants' contention is based upon three propositions: First, that the amount of damages is excessive; second, that the court erred in the admission and exclusion of evidence; and, third, that the judgment was against the weight of evidence.

As to the first point, the evidence is amply sufficient to sustain the judgment. Plaintiff's right ankle and left heel were run over by the wagon, and the entire right side of his body was hurt. That night he ·called in his family physician and subsequently another physician, who ·made seven or eight visits to the plaintiff at his residence during a period of about three weeks, and treated him for the sprained ankle ·and the bruises on his knee, and for lacerations on his arms and shoulders, and also for his nerves. Thereafter the plaintiff called at the physician's house. He also suffered pain. He was unable to pursue his vocation for about four weeks after the accident, and did not leave his home for three weeks, during the time which the physician called at his house. The reasonable value of the physician's services was shown to be $35. Before the accident the plaintiff was able to attend to his business, which required him to go up and down ladders, go on scaffolds, and supervise the work of men in his employ as painters. During the three weeks he was hurt he was unable to do this, and the evidence is sufficient to show that his loss was $40 a week during the three weeks following the accident. The damages, therefore, were not excessive.

On the second proposition, namely, that the court erred in the admission and exclusion of evidence, an examination of the exceptions does not disclose error. The question asked the doctor was as follows:

"Q. From the examination which you made of this plaintiff, and from observations that you have made, can you state with any degree of certainty as to whether the injuries which the plaintiff was suffering from were painful in their nature? A. Yes."

Bare proof of a badly sprained ankle, of lacerations, and of such injuries as were testified to in this case, were sufficient, together with the proof of special damages, to sustain the verdict. Moreover, the question and answer do not constitute testimony by the doctor that the injuries were painful. They only go to the extent of stating that the doctor could state whether the injuries were painful in their nature. He was not asked, and did not testify that the injuries were painful.

One of the defendants, S. M. Kurshan, being examined in behalf of the defendants, was questioned on the direct examination in relation to the manner in which he had secured the horse. He said he tied the horse with a weight, and was then asked this question:

"Q. What kind of a weight is that? A. A regular weight; about 25 to 35 pounds."

On motion of plaintiff's attorney the words "about 25 to 35 pounds" were stricken out as being a conclusion, and the defendants' attorney excepted. I think the proof was competent and should not have been stricken out. The error, however, was harmless. The principal complaint of the plaintiff was not in regard to the weight, but in regard to the strap by which the weight was attached to the horse, and the proof shows that it was the breaking of that strap, because it was rotten and in a broken condition, that enabled the horse to run away. If the strap had not broken, the breaking being evidently caused by the sufficiency of the weight, the runaway would not have occurred.

The third of appellants' points, that the judgment is against the weight of evidence, is disposed of by the fact that on all material points

there is enough evidence to sustain the judgment, and on all questions. in regard to which there was a conflict of the testimony the finding of the trial court is conclusive.

The judgment should be affirmed, with costs. All concur.